In the Matter of the Application of CHRISTIAN SCHEIBEL, Respondent, for a Peremptory Writ of Mandamus Directed to WILLIAM P. BURR, as Corporation Counsel of the City of New York, Appellant, etc.*— Stewart avenue is asserted to have been closed at consolidation of the city of New York, through the effect of a map filed in 1874 by the town survey commission under Laws of 1869, chapter 670. However, section 5 of that act specifically excepts streets that have been or shall be authorized by special acts of the Legislature, " in which cases such acts shall have full power and effect, anything in this act to the contrary notwithstanding." Stewart avenue had been so authorized by Laws of 1843, chapter 47. Reargument is, therefore, directed on the question whether such map, at filing, or thereafter upon consolidation, could effect a closing of Stewart avenue. Such rehearing is accordingly set for Friday, the twenty-third, at ten A. M. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER KAUPAS, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIAN C. LA VIN, Relator, v. HERBERT S. SISSON, Commissioner of Excise of the State of New York, Respondent.— Writ sustained, without costs, and the determination of the State Commissioner of Excise modified so as to require the computation of the tax upon the gross sales on the basis of the exemption of ten and fifteen times, as the case requires, of the amount of $1,100, being the tax paid upon the certificate in question. We think that the scheme of the statute † is to tax the gross sales of liquor under the certificate for its duration; that while the authority granted to the State Commissioner of Excise to prescribe the periods of the returns and to assess the tax based upon the returns may result in the computation of a tax which would differ from a tax on the gross sales during the life of the certificate, yet the primary purpose of this authority is administrative and is not given for the purpose of changing the basis of the tax prescribed in the statute. In this case the requirement of the quarterly returns and the computation of the tax based upon them and upon " such other information as he may acquire," does not of necessity require a departure from the general plan of the statute that the tax bill shall be imposed upon the gross sales during the life of the certificate. Jenks, P. J., Mills, Blackmar and Kelly, JJ., concur; Putnam, J., not voting.

JOHN C. RUPPENTHAL, Respondent, v. NASSAU ELECTRIC RAILROAD COMPANY, Appellant.— Judgment reversed and new trial granted, with costs to abide the event, on authority of Ruppenthal v. Nassau Electric R. R. Co. (191 App. Div. 487), decided herewith. Jenks, P. J., Mills and Putnam, JJ., concur; Blackmar and Kelly, JJ., dissent.

---

* See Matter of Scheibel v. Burr, 108 Misc. Rep. 551.— [REP.

† See Liquor Tax Law, § 9a, added by Laws of 1917, chap. 623, as amd. by Laws of 1918, chap. 473.— [REP.